UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22170-CV-WILLIAMS/MCALILEY

MARIELA MARQUES RODRIGUEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI[1],
Acting Commissioner of Social Security,

    Defendant.
_____/

# REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 20), and Defendant's Motion for Summary Judgment. (ECF No. 21). This matter is fully briefed, and the Honorable Kathleen M. Williams referred it to me for a report and recommendation. (ECF Nos. 2, 22). For the reasons set forth below, I respectfully recommended that Plaintiff's Motion for Summary Judgment be granted, Defendant's Motion for Summary Judgment be denied, and this matter remanded for further proceedings.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul, who was named as defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.       **Background**

Plaintiff filed for disability insurance benefits and supplemental social security income on September 23, 2019, and alleged disability beginning on August 22, 2019. Tr. 232-45.[2] Plaintiff's application was denied initially and on reconsideration. Tr. 91-92, 121-22, 138-49. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on March 1, 2021, which Plaintiff attended with her attorney. Tr. 36-57. Plaintiff testified at the hearing, as did a vocational expert. *Id*. On March 12, 2021, the ALJ issued a written decision in which he concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 12-30. The Appeals Council denied Plaintiff's request for review of this decision, making the ALJ's decision the final decision of the Commissioner. Tr. 1-5.

Plaintiff was 43 years old on the date of the alleged onset of her disability and she has a high school education. Tr. 42. The medical records reflect that Plaintiff suffers from serious mental health conditions. She twice attempted suicide, has auditory delusions despite medication, and consistently reports symptoms of severe depression and anxiety. Tr. 340, 373, 490, 498, 576-77, 586. Clinical testing revealed that Plaintiff often felt tired nearly every day, that she had low energy, decreased concentration, and little interest in doing things, and this is consistent with her testimony at the hearing. Tr. 46, 369 531, 535, 591. Plaintiff testified that she lives with her father, who she claims is physically and

---

[2] Citations to the transcript of proceedings before the Social Security Administration, filed at ECF No. 13, are to "Tr. [#]."

verbally abusive towards her, and isolates herself in her room because she believes that people are "out to do [her] wrong and get [her] in trouble." Tr. 47-49.

As relevant to the Motions, the ALJ found that Plaintiff has the severe impairments of major depressive disorder and generalized anxiety disorder. Tr. 18. The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work with certain physical exceptions not at issue here, and "can perform simple, routine repetitive tasks (3 step, reasoning level 2); no more than two hours of concentration without a break; only occasional contact with coworkers, supervisors, and the public; and infrequent changes that are gradually introduced." Tr. 20. In explaining the RFC, the ALJ acknowledged that Plaintiff previously attempted suicide and noted that her "follow up treatment records document that she endorsed symptoms of depression and anxiety." Tr. 21. However, he also explained that, among other things, Plaintiff's "mental status examinations were largely benign and [she] reported improvement in her symptoms with treatment…[and] [s]he largely denied suicidal or homicidal ideations, delusions, obsessions, hallucinations, compulsions, and phobias." *Id.*

The ALJ further found that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were "inconsistent because the objective evidence does not indicate that [her] impairments are as severe as alleged or that she has been unable to do any work." *Id.* The ALJ reasoned that, in addition to participating in certain activities of daily living, Plaintiff's mental health "quickly improved with medication" and her "auditory and visual hallucinations were stopped with medication." Tr. 22. The ALJ then found that Plaintiff is not capable of performing her past relevant work as a kitchen helper,

3

bartender helper, and personal caretaker. Tr. 23. Based on testimony of a vocational expert, and in light of Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff was not disabled because other jobs exist in significant numbers in the national economy that Plaintiff is capable of performing, namely "Marker 2," "Routing Clerk" and "Housekeeping cleaner." Tr. 24-25.

The Court has thoroughly reviewed the entire record, which includes Plaintiff's medical records and the transcript of the hearing before the ALJ. As I address the issues, I will reference the administrative record as it is relevant.

## II.   Analysis

### A.   Standard

The Social Security Administration has established a five-step sequential analysis that an ALJ must follow to determine whether an individual is disabled. In conducting this analysis, the ALJ must evaluate whether "(1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, (3) the impairment meets or equals the severity of the specified impairments in the Listing of Impairments, (4) the claimant can perform any of his or her past relevant work despite the impairment given [her] residual functional capacity, and (5) there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Kirby v. Comm'r of Soc. Sec.*, 819 F. App'x 828, 832 (11th Cir. 2020) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). "Step four is a two-prong analysis where the ALJ must assess: (1) the claimant's residual functional capacity ("RFC") and (2) the

claimant's ability to return to her past work." *Klucsarits v. Comm'r of Soc. Sec.*, No. 20-14376-Civ, 2022 WL 1664133, at *3 (S.D. Fla. April 13, 2022). Plaintiff challenges the ALJ's analysis of the RFC at Step Four of the sequential analysis. Plaintiff has the burden to prove that the ALJ erred. *See Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020) ("A claimant bears the burden at the first four steps…").

In her Motion for Summary Judgment Plaintiff argues that substantial evidence does not support the ALJ's RFC determination. (ECF No. 21). The RFC is the ALJ's assessment, based on all relevant evidence, of a claimant's ability to work despite her impairments. *Lewis*, 125 F.3d at 1440. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining whether the ALJ's decision is supported by substantial evidence, the court may not decide the facts anew, make credibility determinations, or reweigh the evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). While the role of a reviewing court is "narrowly subscribed," the court "do[es] not act as automatons." *Lacina v. Comm'r of Soc. Sec.*, 606 F. App'x 520, 526 (11th Cir. 2015) (citation omitted); *see also Jensen v. Comm'r of Soc. Sec.*, Case No. 21-13324, 2022 WL 2663585, at *3 (11th Cir. July 11, 2022) ("deference does not mean abdication."). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Lacina*, 606 F. App'x at 526 (citation omitted).

Plaintiff contends that the RFC is not supported by substantial evidence because the ALJ "failed to properly assess the clinical findings" of Plaintiff's treating psychiatrist, Dr.

5

Howard Pratt, and omitted certain opinions of a State agency psychologist, Dr. Mercedes DeCubas. (ECF No. 20 at 5-14).

The Commissioner responds that Plaintiff has not identified any opinion of Dr. Pratt that establishes greater functional limitations than those set out in the RFC, and that the ALJ properly considered Plaintiff's mental health treatment records as a whole. (ECF No. 21 at 7-11). With respect to Dr. DeCubas' opinion, the Commissioner also argues that an ALJ is not required to discuss or adopt every part of an opinion, even if the ALJ finds that opinion persuasive. (*Id*. at 12-17). I turn to those arguments below.

> B. The RFC is Not Supported By Substantial Evidence Because it Fails to Reconcile Medical Findings that Contradict the ALJ's Discussion of Plaintiff's Mental Health Treatment Records

As mentioned, the ALJ found that Plaintiff has the RFC to perform simple, routine, repetitive tasks, concentrate for two hours at a time, have occasional contact with coworkers, supervisors, and the public, and handle infrequent changes that are gradually introduced. Tr. 20. The ALJ supported his RFC finding with the following discussion of Plaintiff's mental health treatment records:

> [O]verall her mental status examinations were largely benign and [P]laintiff reported improvement in her symptoms with treatment. She largely denied suicidal or homicidal ideations, delusions, obsessions, hallucinations, compulsions, and phobias. On mental status examination, she was cooperative; engaged; her speech was fluent; her thought process was goal directed and logical; oriented times three; her memory was intact; her insight and judgment were fair; but she had problems with impulse control. At some visits, her thought content/process was catastrophizing and self-deprecating. She reported symptoms of anxiety interfering with social, occupational, and/or academic aspects of life and poor management of emotions.

Tr. 21. This review of Plaintiff's mental status is inadequate because it fails to account for periods in which Plaintiff experienced substantial deterioration of her mental health, even while on medication and in treatment.

Plaintiff's mental health records contains treatment notes over a 15-month period, from August 23, 2019, when Plaintiff was hospitalized for her second suicide attempt, through November 18, 2020, a few months before Plaintiff's hearing before the ALJ. The Court has carefully reviewed all of these records. They reflect periods of improvement and periods of significant disfunction, which the ALJ does not identify or reconcile, to explain how he arrived at the RFC.

For example, treatment notes following Plaintiff's August, 2019 hospitalization through the remainder of that year describe her mental condition as "clinically stable" or "improving." Tr. 400, 403, 406-07, 410, 431. Treatment notes in February, 2020 however, document that although Plaintiff "denied A/V [audio/visual] hallucinations and delusions[,]" she "acknowledges that she experiences audio delusions at least 4 days per week" and "reports hearing a voice from her spiritual guide informing her that her father will pass within the next 12-14 years." Tr. 490, 498. Those notes further reflect that Plaintiff believed she "was doing well…until [she] got a message from the male spiritual guide" which caused her to experience excessive worry, depression and difficulty sleeping because she "believes the voice is correct because of her experiences of it's [sic] accuracy in the past." Tr. 500-01. Treatment notes in May and August 2020, again describe Plaintiff as "clinically stable," Tr. 514, 566, but in early September, 2020, Plaintiff reported that she is "still hearing voices," Tr. 578, and in October, 2020, Plaintiff reported that she "is still

talking everyday with the voice that she considers as a friend." Tr. 586. Plaintiff experienced these delusions even though she was taking medication and attending individual therapy.

The ALJ's assertion that Plaintiff "reported improvement in her symptoms with treatment" is not an accurate characterization of the medical evidence when viewed as a whole. The record is clear that Plaintiff's improvements were not consistently maintained and, instead, her mental condition seriously worsened on multiple occasions while she was under the treatment of her psychiatrist. An ALJ "must…explain how any material inconsistencies…in the evidence in the case record were considered and resolved." SSR 96-8p. The ALJ here did not do so. He failed to address those portions of the medical records that reflect a number of instances when Plaintiff was detached from reality – including an instance only a few months before the hearing – or otherwise explain how the RFC accounts for this evidence.

For the foregoing reasons, I conclude that the ALJ's RFC finding is not supported by substantial evidence. *See e.g., Rodriguez v. Kijakazi*, No. 21-cv-21098, 2022 WL 3371570, at *12 (S.D. Fla. July 22, 2022), report and recommendation adopted by *Rodriguez*, 2022 WL 3370788 (S.D. Fla. Aug. 16, 2022) (reversing decision of ALJ because "[t]he ALJ's findings are undermined by the same evidence on which his decision relies, without explanation for his reliance on certain findings, but not others."); *Reque v. Kijakazi*, No. 21-20216, 2022 WL 4369630, at *6-7 (S.D. Fla. Sept. 12, 2022), report and recommendation adopted by *Reque*, 2022 WL 4366667 (S.D. Fla. Sept. 21, 2022) (ALJ's finding that medical opinion was unpersuasive not supported by substantial evidence

8

because based upon material misstatements and omissions of medical records); *cf. Castro v. Acting Comm'r of Soc. Sec.*, 783 F. App'x 948, 957 (11th Cir. 2019) ("When the medical evidence shows that a patient's condition fluctuated, any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated.") (citation omitted).

    C.    The ALJ's Credibility Finding is Not Supported By Substantial Evidence Because it Relies Upon Material Misstatements of Plaintiff's Mental Health Treatment Records

Credibility determinations "are the province of the ALJ" and reviewing courts "will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014) (citations omitted). In the ALJ's decision, he found that Plaintiff's statements regarding the intensity, persistence and limiting effects of her mental health symptoms are inconsistent with the objective medical evidence. Tr. 21. This finding is not supported by substantial evidence for two reasons.

First, the ALJ reasoned that "while [Plaintiff had] inpatient mental health treatment, she quickly improved with medication" and Plaintiff's "auditory and visual hallucinations were stopped with medication." Tr. 22. These statements mischaracterize the medical evidence, as detailed above.

Second, the ALJ omitted any discussion of treatment records that support Plaintiff's subjective complaints. The ALJ noted that Plaintiff testified she has "difficulty with focus and completing projects, lack of interest, and low energy." Tr. 20. This testimony is consistent with medical records that document the results of Plaintiff's PHQ-9 assessments,

9

which measure depression severity. Plaintiff was administered the PHQ-9 assessment on seven (7) separate occasions between August, 2019 and November, 2020. Tr. 369, 531, 535, 547-48, 558, 561-62, 591. In most of those instances, Plaintiff's score denoted severe or moderately severe depression. Tr. 369, 531, 535, 547-48, 591. The test conclusions reflect that, on nearly a daily basis, Plaintiff is tired or has little energy, has little interest or pleasure in doing things, and has a decreased ability to concentrate. *Id*. The ALJ failed to account for this evidence when determining whether Plaintiff's subjective complaints are inconsistent with the record.

"A decision is not supported by substantial evidence if the ALJ reached the result that [he] did by focusing upon one aspect of the evidence and ignoring other parts of the record." *Jensen v. Comm'r of Soc. Sec.*, Case No. 21-13324, 2022 WL 2663585, at *3 (11th Cir. July 11, 2022) (citation omitted). For the reasons stated here, the ALJ's decision to discredit the intensity, persistence, and limiting effects of Plaintiff's symptoms is not supported by substantial evidence. *See Maloney v. Comm'r of Soc. Sec.*, No. 19-24221, 2021 WL 952429, at *6-7 (S.D. Fla. Feb. 13, 2021), report and recommendation adopted by *Maloney*, 2021 WL 949938 (March 12, 2021) (ALJ's credibility finding not supported by substantial evidence); *Bellamy v. Comm'r of Soc. Sec.*, No. 19-81572, 2021 WL 4263559, at *12-13 (S.D. Fla. Sept. 20, 2021) ("In light of the fact that the ALJ's credibility finding…is not sufficiently supported by the record, this case is due to be remanded.").

D. **The ALJ Properly Accounted for Dr. DeCubas' Opinion**

Finally, Plaintiff argues that the RFC is deficient because it does not include all of the limitations identified by the State agency consultant, Dr. DeCubas. (ECF No. 20 at 13-

14). Plaintiff contends that while the ALJ found Dr. DeCubas' opinions persuasive "insofar as they find that [Plaintiff] has moderate limitations," Tr. 22, the ALJ failed to account for Dr. DeCubas' opinions that Plaintiff is "moderately limited" in her ability to maintain socially appropriate behavior and set realistic goals or make plans independently of others, and "would benefit from assistance in obtaining employment." Tr. 103-104. The Court does not agree. Dr. DeCubas explained that Plaintiff "can adapt to and sustain work tasks," "can generally get along with others" and "will be able to sustain adequate limitations in a work setting that does not require ongoing social demands." Tr. 103. Plaintiff asserts that she is "always" limited in these areas, but does not identify any portion of Dr. DeCubas' opinions to support her assertion. Plaintiff has failed to show that the RFC, which limits Plaintiff to "only occasional" contact with coworkers, supervisors and the public, Tr 20, is inconsistent with Dr. DeCubas' opinions.

Similarly, Plaintiff has not shown that the ALJ was required to account for Dr. DeCubas' statement that Plaintiff "would benefit" from assistance in obtaining employment. Even if Dr. DeCubas' statement is construed as a functional limitation, an ALJ is "not require[d] to adopt into an RFC every part of an opinion that [he] otherwise find[s] persuasive." *Sanders v. Comm'r of Soc. Sec.*, No. 2:20-cv-788, 2022 WL 970181, at *5 (M.D. Fla. March 31, 2022) (citations omitted). The regulations explain that the terms "mild" or "moderate" as used by clinicians to describe the claimant's medical condition "will not always be the same as the degree of [the claimant's] limitation in [an] area of mental functioning." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, 12.00, F.3.a. Notably, "finding an opinion persuasive does not mean it is controlling." *Sanders*, 2022 WL 970181

11

at *5. Plaintiff offers no basis for the Court to conclude that the RFC is deficient simply because it does not mention a need for Plaintiff to obtain assistance in securing employment.

### III. Recommendations

Based on the foregoing, I respectfully recommend that the Court **GRANT** Plaintiff's Motion for Summary Judgment, (ECF No. 20), **DENY** Defendant's Motion for Summary Judgment (ECF No. 21), and remand this matter to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g) consistent with this Report's recommendations.

### IV. Objections

**No later than 14 days from the date of this Report and Recommendation**, the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 17th day of January 2023.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE