UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22170-CIV-WILLIAMS/SANCHEZ

MARIELA MARQUES RODRIGUEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER is before the Court on the Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 27. Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner"), does not oppose the Motion. *Id.* Following a careful review of the parties' filings, the pertinent portions of the record, and the applicable law, and the undersigned being otherwise duly advised on the matter, the undersigned recommends that the Motion be **GRANTED**. For the reasons discussed below, the undersigned further recommends that the Plaintiff be awarded fees in the amount of $6,864.01 and costs in the amount of $402.00, payable to her attorneys, subject to reduction by the amount of any debt that the Plaintiff may owe the United States.

**I.    BACKGROUND**

On June 11, 2021, the Plaintiff filed this lawsuit under the Social Security Act seeking review of the Commissioner's decision denying her application for disability benefits and supplemental social security income. ECF No. 1. On March 21, 2022, the Plaintiff filed a motion

for summary judgment, ECF No. 20, and on April 20, 2022, the Commissioner filed a cross motion for summary judgment. ECF No. 21. On February 2, 2023, the Court granted the Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, and entered a final judgment in favor of the Plaintiff that reversed and remanded the case to the Commissioner for further proceedings. ECF No. 25, 26.

On March 29, 2023, the Plaintiff filed the Motion, requesting $6,864.01 in attorney's fees and $402.00 in costs, pursuant to the EAJA. ECF No. 27. Specifically, attorney Rogelio R. Oliver requests compensation for 1.3 hours of work in 2021 at a rate of $217.54 and 0.8 hours of work in 2023 at a rate of $234.95. Attorney Katherine O. Palacios-Moreno requests compensation for 1.2 hours of work in 2021 at a rate of $217.54, 22.9 hours of work in 2022 at a rate of $234.95, and 3.2 hours of work in 2023 at a rate of $234.95. In addition, the Plaintiff seeks $402.00 in costs for the filing fees paid in this case.

## II.   ANALYSIS

### A.   The Plaintiff Is Entitled to Recover Attorney's Fees.

Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). A plaintiff in a social security appeal prevails if the court orders a "sentence four remand" under 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *see also Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996) ("[T]he claimant is a prevailing party entitled to seek fees under the EAJA" when the "claimant prevails by obtaining a remand for reconsideration of his case by the Commissioner (or the ALJ)."). Furthermore, an EAJA request "must be filed within thirty days of the time the

judgment is final and no longer appealable." *Jackson*, 99 F.3d at 1095 n.4; *see Shalala*, 509 U.S. at 302-03.  In total, "an EAJA applicant seeking fees incurred after the wrongful denial of disability benefits has ninety days . . . to file his application, if the Commissioner does not appeal the district court's judgment." *Jackson*, 99 F.3d at 1095 n.4; *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").  Lastly, an EAJA request must allege that the Commissioner's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was.  *See Comm'r, INS v. Jean*, 496 U.S. 154, 160 (1990); *see also U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

The Plaintiff has satisfied all five conditions under the EAJA.  First, the Plaintiff was the prevailing party in this case because, on February 2, 2023, the Court entered an order that reversed the Commissioner's decision and remanded this case back to the Commissioner for further proceedings.  ECF No. 26.  Second, the Plaintiff's motion alleges that the Commissioner's position was not substantially justified, and the Commissioner has not argued otherwise.  ECF No. 27 at 8-9.  Third, the Motion is timely because it was filed 55 days after the Court entered the final judgment, which the Commissioner failed to appeal.  Fourth, the instant motion alleges that the Plaintiff's net worth was less than two million dollars at the time the complaint was filed.  ECF No. 27 at 2.  Finally, this case does not present any special circumstances.  Accordingly, the Plaintiff is entitled to an award of attorney's fees and other expenses.

**B.      The Amount of Attorney's Fees the Plaintiff Requests is Reasonable.**

The next question is whether the amount of attorney's fees requested is reasonable.  To make this determination, the Court must analyze both the reasonableness of the requested hourly rate in light of prevailing market rates and the reasonableness of the number of hours expended in this litigation.

3

### *1. The Hourly Rates Requested for the Plaintiff's Attorneys Are Reasonable.*

The EAJA states in pertinent part that "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992).  The first step "is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).  "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since the $125 statutory rate was set], or a special factor."[1] *Id.* at 1033-34.

Here, Plaintiff has been represented by Rogelio R. Oliver[2] and Katherine O. Palacios-Moreno.[3]  The Plaintiff's requested hourly rates for her attorneys are $217.54 for 2021 and $234.95 for 2022 and 2023, which the Plaintiff argues reflect the cost-of-living adjustment for each of the

---

[1] In March of 1996, after *Meyer* was decided, Congress increased the hourly rate from $75.00 per hour to $125.00.  *See* 28 U.S.C. § 2412(d)(2)(A); Contract with America Advancement Act of 1996, Pub. L. No. 104-121, tit. II, § 232(b)(1), 110 Stat 847.  The undersigned has adjusted the analysis in *Meyer* to account for this rate change.

[2] According to the declaration of Mr. Oliver, he has been practicing law in Florida since 1977 and has litigated more than 6,000 Social Security disability cases over the course of his career.  ECF No. 27 at 3.

[3] According to the declaration of Ms. Palacios-Moreno, she has been practicing law in Florida since 2013 and has litigated more than 1,000 Social Security disability cases over the course of her career.  ECF No. 27 at 5.

years Mr. Oliver and Ms. Palacios-Moreno spent working on this matter. ECF No. 27 at 2. The Commissioner does not dispute that the requested hourly rates are reasonable, considering the range of the prevailing market rates for the kind and quality of the services furnished, and the undersigned finds that the applicable market rates for comparable attorneys in the Southern District of Florida during the period from 2021 to 2023 indeed exceeded the EAJA statutory rate of $125.00. The EAJA, moreover, "expressly provides for a cost-of-living adjustment," *Sensat v. Berryhill*, No. 15-cv-24727, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018), and the Eleventh Circuit has recognized that application of the cost-of-living adjustment has been considered "next to automatic." *See Meyer*, 958 F.2d at 1035 n.9. When, as here, work is performed over the course of several years, the hourly rate for each year is subject to adjustment for the cost of living based on the year when the services were performed. *See Sensat*, 2018 WL 5257143, at *6.

Under these circumstances, the undersigned finds that the proposed hourly rates for the Plaintiff's attorneys for each of the pertinent years are reasonable and accurately reflect factually-warranted rate adjustments to the $125 statutory rate for the increase in the cost of living based on the Consumer Price Index. *See, e.g.*, *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (recognizing that a court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quoting *Norman*, 836 F.2d at 1303).

### 2. *The Number of Hours Expended by the Plaintiff's Attorneys Was Reasonable.*

The fee applicant bears the burden of establishing that the hours for which fees are sought were "reasonably expended on the litigation." *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile*

*Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428.

Here, Mr. Oliver submitted a "Schedule of Hours" for his work, in which he represents to the Court that he dedicated 1.3 hours in 2021 and 0.8 hours in 2023, for a total of 2.1 hours, to the litigation of this case. ECF No. 27 at 4. Ms. Palacios-Moreno also submitted a "Schedule of Hours" for her work, in which she represents to the Court that she dedicated 1.2 hours in 2021, 22.9 hours in 2022, and 3.2 hours in 2023, for a total of 27.3 hours, to the litigation of this case. *Id.* at 6. In total, the Plaintiff submits that Mr. Oliver expended 2.1 hours and Ms. Palacios-Moreno expended 27.3 hours in prosecuting this action. *Id.* at 4, 6. The "Schedule of Hours" submitted by the Plaintiff for each of her lawyers contains a detailed breakdown of the amount of time spent on the tasks performed by each lawyer, when each task was performed, and a description of each task performed. *Id.* Counsels' work in this matter partially consisted of meeting with the Plaintiff, drafting the complaint, reviewing documents and the administrative transcript, conducting research, drafting the Plaintiff's motion for summary judgment, and preparing the instant Motion. *Id.* Drawing upon his own knowledge and expertise, the undersigned finds that the time that was expended by the Plaintiff's attorneys in prosecuting this action was reasonable.

Accordingly, the undersigned recommends that the Court award the Plaintiff attorney's fees for 2.5 hours of work performed by Mr. Oliver and Ms. Palacios-Moreno in 2021 at an hourly

rate of $217.54; 22.9 hours of work performed by Ms. Palacios-Moreno in 2022 at an hourly rate of $234.95; and 4.0 hours of work performed by Mr. Oliver and Ms. Palacios-Moreno in 2023 at an hourly rate of $234.95. *See* ECF No. 27 at 2. In addition, the undersigned recommends that the Court award the Plaintiff $402.00 in costs for the filing fees paid in this case. *See* 28 U.S.C. §§ 1920, 2412(a); *see also* ECF No. 1 (docket entry reflecting payment of filing fees in amount of $402.00). Thus, the undersigned recommends that the Plaintiff be awarded a total of $6,864.01 for attorney's fees and $402.00 for costs.

**C.      The Attorney's Fees and Costs Award Is Payable to the Plaintiff's Lawyers.**

The Court next considers whether the award of attorney's fees and costs is payable to the Plaintiff or her lawyers. The Supreme Court has held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore the EAJA fee awards are subject to a Government offset to satisfy the pre-existing debt that the litigant owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 589-90 (2010). The Supreme Court further noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *See id.* at 596-98. In order for such an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[4] *See Milanes v. Berryhill*, No. 15-cv-23171, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017). However, the Government can

---

[4] The Anti-Assignment Act states in pertinent part that:

> [A] transfer or assignment of any part of a claim against the United States . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)-(b).

waive the requirements of the Anti-Assignment Act. *Sensat*, 2018 WL 5257143, at *7 n.14; *Milanes*, 2017 WL 3493145, at *2; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses).

The Plaintiff requests that any attorney's fees and costs that this Court awards be paid directly to her lead counsel, Rogelio R. Oliver. ECF No. 27 at 11. The Plaintiff executed an assignment of EAJA fees (the "Assignment"), a copy of which is attached to the Motion. *See* ECF No. 27-1. Specifically, the Assignment states that "I hereby assign any court-awarded EAJA attorney fees to my attorney." *Id.* The Commissioner has not objected to the Assignment, ECF No. 27-1, or to the Plaintiff's request that the award of attorney's fees and costs be paid directly to her lawyers. Thus, the Court finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Anti-Assignment Act); *see also Milanes*, 2017 WL 3493145, at *2 (concluding that the Commissioner had waived the requirements of the Anti-Assignment Act where the assignment did not comply with the Act). Accordingly, the undersigned recommends that the attorney's fee award be payable to the Plaintiff's lawyers, subject to offset against any pre-existing debt that the Plaintiff may owe to the United States.

### III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 27) and award the Plaintiff $6,864.01 in attorney's fees and $402.00 in costs, payable directly

to the Plaintiff's lead counsel, Rogelio R. Oliver, less the amount of any debt that the Plaintiff may owe to the United States.

Within seven (7) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Judge. The undersigned has shortened the objection period because the instant Motion is unopposed and the undersigned has recommended that the full amount of requested fees be awarded. Failing to file objections timely will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida, this 26th day of May, 2023.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Kathleen M. Williams
      Counsel of Record